UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAROTHA LAVERENE OGDEN,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Case No. 17-cv-11935
Hon. Matthew F. Leitman

**<u>OPINION AND ORDER (1) SUSTAINING IN PART PLAINTIFF'S OBJECTIONS (ECF #23) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF #22), (2) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF #17), (3) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF #20), AND (4) REMANDING THIS ACTION FOR FURTHER PROCEEDINGS</u>**

In this action, Plaintiff Narotha Laverene Ogden challenges the denial of her application for disability insurance benefits under the Social Security Act. (*See* Compl., ECF #1.) Both Ogden and Defendant Commissioner of Social Security filed motions for summary judgment. (*See* Ogden's Mot. for Summ. J., ECF #17; Commissioner's Mot. for Summ. J., ECF #20.) The assigned Magistrate Judge issued a Report and Recommendation in which she recommended that the Court (1) grant the Commissioner's motion and (2) deny Ogden's motion (the "R&R"). (*See* ECF #22.) Ogden has now filed objections to the R&R (the "Objections"). (*See* ECF #23.) For the reasons explained below, the Court **SUSTAINS** Ogden's Objections

1

in part, **GRANTS** Ogden's motion for summary judgment, **DENIES** the Commissioner's motion for summary judgment, and **REMANDS** this action to the Commissioner for further proceedings consistent with this Opinion and Order.

# I

## A[1]

On May 8, 2014, Ogden filed an application for disability insurance benefits in which she claimed to have been disabled since November 22, 2013. (*See* Admin. R., ECF #11-5 at Pg. ID 155-56.) The Social Security Administration (the "SSA") initially denied Ogden's application for benefits on the ground that she was not disabled. (*See* Admin. R., ECF #11-4 at Pg. ID 114.) Ogden thereafter requested and received a *de novo* hearing before an administrative law judge (the "ALJ"). The ALJ held that hearing on March 25, 2016. (*See* Admin. R., ECF #11-2 at Pg. ID 51-60.)

At the hearing, Ogden testified that she last worked in November 2013 as an assembly-line worker for General Motors. (*See id.* at Pg. ID 76-77.) However, due to pain in her left shoulder, she was placed on "restrict[ed]" duty. (*Id.* at Pg. ID 77.) Among her things, Ogden's restrictions prohibited her from "reaching over [her]

---

[1] The Court recites only the facts relevant to the Objections. A more complete description of the facts is available in the R&R. (*See* R&R, ECF #22 at Pg. ID 608-09.)

2

shoulder" with both arms. (*Id.* at Pg. ID 78.) According to Ogden, "everything had to be, like, shoulder length, eye level," and she could not "reach up" above her shoulder. (*Id.*) At or around this time, General Motors let "everybody that was on restrictions [go] for the end of the year," and Ogden did not work again after that time due to her shoulder pain. (*Id.* at Pg. ID 77.)

On May 3, 2016, the ALJ issued a written decision in which he affirmed the SSA's denial of benefits. (*See id.* at Pg. ID 51-60.) The ALJ first found that Ogden suffered from the following severe impairments: "cervical and lumbar degenerative disc disease, left shoulder rotator cuff tear, tenosynovitis, [and] obesity." (*Id.* at Pg. ID 53.) The ALJ next concluded that none of Ogden's severe impairments "met or medically equaled the severity of one of the listed impairments." (*Id.*)

The ALJ determined that Ogden had the residual functional capacity ("RFC") to perform sedentary work with the following limitations:

> [Ogden] can list 10 points occasionally and less than 10 pounds frequently, however, lifting and carrying independently with the left upper extremity is limited to no more than 5 pounds; can sit, stand, or walk, each for 6 out of 8 hours; push and pull as much as can lift and carry, but also limited to no more than frequent pushing and pulling with the left upper extremity at less than 5 pounds; frequent use of hand controls with the left upper extremity; no reaching overhead with the left upper extremity; frequent handling and fingering with the left upper extremity; occasional climbing of ramps or stairs; never climb ladders or scaffolds; frequent balancing; occasional stopping, kneeling, crouching, or crawling.

3

(*Id.* at Pg. ID 54.)

At this step of the analysis, the ALJ noted that Ogden testified that "she ha[d] difficulty reaching overhead." (*Id.* at Pg. ID 55.) The ALJ also acknowledged that while working at General Motors, Ogden "had [a] restriction of no lifting over 5 pounds and no overhead work or lifting at or above shoulder level with the left arm." (*Id.* at Pg. ID 56.) However, the RFC did not include any restrictions with respect to "lifting at or above shoulder level." Instead, the relevant restriction was limited to "no overhead reaching with the left upper extremity." (*Id.* at Pg. ID 54.)

The ALJ determined that, given Ogden's RFC, she could perform her past relevant work as a quality control monitor. (*See id.* at Pg. ID 60.) The ALJ therefore concluded that Ogden was not disabled and was not entitled to benefits. (*See id.*)

The Appeals Council of the Social Security Commission thereafter denied Ogden request to review the ALJ's decision. (*See id.* at Pg. ID 33.)

**B**

Ogden filed this action challenging the SSA's denial of benefits on June 19, 2017. (*See* Compl., ECF #1.) Ogden and the Commissioner then filed cross-motions for summary judgment. (*See* Ogden's Mot. for Summ. J., ECF #17; Commissioner's Mot. for Summ. J., ECF #20.)

In Ogden's summary judgment motion, she argued, among other things, that "the evidence of record [did] not support the ALJ's determination that she is capable

4

of performing her past relevant work as a quality control monitor." (R&R, ECF #22 at Pg. ID 611.) More specifically, Ogden asserted that "the RFC should have precluded [her] from 'lifting at or above shoulder level with her left arm.'" (*Id.* at Pg. ID 612.)

The Court referred the cross-motions to the assigned Magistrate Judge. On May 29, 2018, the Magistrate Judge issued the R&R in which she carefully analyzed the arguments in the summary judgment motions. (*See* R&R, ECF #22.) In conducting this analysis, the Magistrate Judge recognized that the ALJ "apparently conflat[ed] the 'overhead work' limitation with the 'lifting at or above shoulder level' restriction." (*Id.*) The Magistrate Judge further noted that "this confusion" – between the shoulder-level restriction and the overheard-work restriction – "is [also] evident throughout [Ogden's] medical records and hearing testimony." (*Id.* at Pg. ID 613.) But the Magistrate Judge ultimately concluded that the RFC was "supported by substantial evidence" and that the "ALJ did not err by excluding [the shoulder-level] limitation from the RFC." (*Id.* at 614.) The Magistrate Judge then recommended that the Court grant the Commissioner's motion and deny Ogden's motion. (*See id.* at Pg. ID 616.)

On May 16, 2018, Ogden filed the Objections. (*See* ECF #23.) She presents two arguments. First, Ogden contends that due to the confusion between the shoulder-level lifting restriction and the overhead-lifting restriction, the Court

5

should "remand this matter for the ALJ to determine what limitation is appropriate, and then to obtain vocational testimony gauging the impact of that limitation upon [Ogden's] ability to perform work activities." (*Id.* at 622.) Second, Ogden maintains that the ALJ erred when he concluded that she could perform her past relevant work as a quality control monitor. (*Id.*) Because the Court agrees with Ogden's first argument for the reasons stated below, it need not address her second argument.

## II

### A

When a party objects to a portion of a Magistrate Judge's R&R, the Court reviews that portion *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *see also Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the R&R to which a party has not objected. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

### B

In reviewing the disputed findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence and are made pursuant to proper legal standards. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). "The substantial evidence standard presupposes that there is a zone of choice within which the Secretary may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (quotations omitted).

### III

Ogden's primary argument in her Objections is that due to the "'confusion' as to the appropriate reaching limitation," the Court should remand this action to the Commissioner so "that the appropriate limitation could be determined." (Objections, ECF #23 at Pg. ID 619.) The Court agrees.

The Court fully concurs with the Magistrate Judge that "confusion is evident throughout" the medical records and administrative proceedings with respect to the extent of Ogden's reaching limitation. (R&R, ECF #22 at Pg. ID 613.) Indeed, at various points, all of the parties appear to conflate and confuse an "overhead work" limitation with a "lifting at or above shoulder level" restriction. And the distinction between these two restrictions is not *de minimis*. A person who has only an "overhead lifting" restriction can do substantially more than a person who has an "at or above shoulder level" restriction. Given the lack of clarity and confusion in the record on this key issue, a remand is warranted. On remand, the ALJ shall determine

7

whether Ogden's RFC should include a "lifting at or above shoulder level" restriction, and, if so, decide whether that additional restriction changes his conclusion that Ogden is not disabled.

The Commissioner counters that a remand is unnecessary because "the ALJ comprehensively considered [Ogden's] statements about her reaching limitations, and … [Ogden's] testimony failed to discuss any reaching limitations at or above the shoulder level." (Comm'r. Resp. to Objections, ECF #24 at Pg. ID 628.) The Court disagrees on both counts. First, it is not obvious that the ALJ "comprehensively considered" Ogden's reaching limitations when he devised her RFC and concluded that she was not disabled. As described above, while the ALJ did recognize at one point that General Motors had restricted Ogden from doing "overhead work or lifting at or above shoulder level with the left arm," at other times he referenced only the restriction on overhead lifting. And he did not include an "at or above shoulder level" lifting restriction in Ogden's RFC. That omission is especially curious given that the ALJ concluded that Ogden "would be able to work" under the same "restricted status" that was in place at General Motors. (*Id.* at Pg. ID 59.) Yet, the restrictions in the RFC do not match those in place at General Motors. Most importantly, Ogden was restricted at General Motors from lifting at or above shoulder level, but that restriction is absent from her RFC. Given these

inconsistencies in the ALJ's decision, the Court cannot say that he "comprehensively considered" her reaching limitation.

Second, Ogden *did* testify that she had "reaching limitations at or above the shoulder level." She testified that her "restrictions [were] to not reach over [her] shoulder" and that "[e]verything had to be, like, shoulder length, eye contact. You know, couldn't, like, reach up." (*Id.* at Pg. ID 78.) In addition, her counsel did not ignore shoulder-level lifting in his questioning of Ogden. Counsel specifically asked Ogden: "[d]o you have any problems reaching, reaching out in front of you, reaching above your head," and Ogden answered "[y]es." (*Id.* at Pg. ID 89.) While the Court acknowledges that these questions, and Ogden's responses, are somewhat muddled, that uncertainty provides further reason to remand this action to the Commissioner so that a clearer record can be made before the ALJ determines whether Ogden is disabled.

## IV

For the reasons stated above, **IT IS HEREBY ORDERED** that:

- Ogden's Objections to the R&R (ECF #15) are **SUSTAINED IN PART**;

- Ogden's Motion for Summary Judgment (ECF #17) is **GRANTED**;

- The Commissioner's Motion for Summary Judgment (ECF #20) is **DENIED**; and

9

- This action is remanded to the Commissioner for further proceedings consistent with this Opinion and Order.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: August 1, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 1, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764